NO. 07-00-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 6, 2002

_____

CLIFTON RAY HAMMONDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;

NO. 839831; HONORABLE ELSA ALCALA, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Clifton Ray Hammonds appeals from his conviction for Possession of a Controlled Substance and punishment of confinement of 25 years. We affirm.

A Harris County grand jury indicted appellant in cause number 839831 for the 338th District Court of Harris County, Texas, for possession of cocaine, a controlled substance, in an amount of more than one gram and less than four grams by aggregate weight, including any adulterants and dilutants. The charge was enhanced by allegations of two

prior felony convictions. Appellant entered a plea of not guilty. Appellant was tried and convicted by a jury. The court granted the appellant's oral motion to withdraw a previously filed Motion to Elect Jury to Assess Punishment. On July 19, 2000, the court assessed punishment at 25 years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant filed notice of appeal on July 19, 2000.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Counsel thus concludes that the appeal is without merit.

Appellate counsel's brief reflects a conscientious, detailed review of the record and trial proceedings. Counsel has noted, as have we, that pretrial motions were filed and rulings obtained by trial counsel and trial counsel lodged timely objections to certain evidence during trial. Appellate counsel has reviewed, in his brief, trial counsel's conduct of the trial in some detail.

Exhibits to the brief show that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that appellate counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. Indeed, appellant has filed a *pro se* response to counsel's motion and brief. Appellant's response urges that (1) the evidence was legally insufficient to sustain the conviction for

2

possession of cocaine, and (2) the evidence was factually insufficient to sustain the conviction.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). In reviewing the record pursuant to appellate counsel's brief and appellant's *pro se* response, we note that the two arresting police officers testified that they were approximately 20 feet away from appellant when appellant looked up at them. Before he saw the two uniformed officers, appellant's attention had been focused on something he held in the palm of his hand. When appellant saw the policemen, he threw the object in his hand down and started walking away. A small automobile was parked between appellant and the officers, but both officers testified that they could see under the automobile enough that they saw the object thrown by appellant hit the ground in front of the rear tires of the automobile. One of the officers went directly to the object thrown by appellant and picked it up. It was a small clear plastic bag containing 11 small rock-like objects. The officer field-tested the substance and it turned out to be cocaine. The second officer then arrested appellant. The officers gave appellant his Miranda warnings before transporting appellant and the substance to the police station. A chemist from the Houston Police Department crime laboratory testified that the laboratory further tested the substance and it was indeed cocaine.

No evidence impeached the testimony of the arresting officers or the laboratory chemist, although appellant's trial counsel challenged the credibility of the policemen by

arguing that they could not have seen what appellant discarded when it hit the ground because of the automobile between appellant and the officers. Appellant did not testify.

When reviewing challenges to both the legal sufficiency and the factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). The evidence is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 132.

If the evidence is legally sufficient to support the verdict, we then review any factual sufficiency challenge. Id. at 133. A factual sufficiency review of the evidence begins with the presumption that the evidence supporting the jury's verdict was legally sufficient under the Jackson test. Id. at 134. Factual sufficiency review is accomplished without viewing the evidence through the prism of "in the light most favorable to the prosecution," as the evidence is viewed in determining legal sufficiency. Id. The evidence is factually sufficient to support the verdict if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support a conviction if the appellate court determines, after viewing all the evidence, both for and against the finding in a neutral light, that the proof of guilt is so obviously weak as to undermine the confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000).

4

The evidence before the jury clearly was both legally and factually sufficient to support appellant's conviction. The officers' testimony as to directly observing appellant throw the baggie of cocaine on the ground was not impeached by other testimony, although it was questioned by attacks on the officers' credibility. Even had the testimonial evidence required an evaluation of demeanor and credibility of witnesses, the jury is the final judge of the weight of the evidence. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App.1997). On appeal we do not disturb the jury's credibility determinations. Id.

We agree that the appeal presents no arguable grounds for reversal of the trial court's judgment. Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Justice

Do not publish.